SCOTT N. SCHOOLS (SCSBN 9990)
United States Attorney
THOMAS MOORE (ASBN 4305-O78T)
Assistant United States Attorney
Chief, Tax Division
CYNTHIA STIER (DCBN 423256)
Assistant United States Attorney
 9th Floor Federal Building
 450 Golden Gate Avenue, Box 36055
 San Francisco, California 94102
 Telephone:  (415) 436-7000
 Fax:        (415) 436-6748

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

UNITED STATES OF AMERICA,       )
                                )  CV No. 07 5759
         Plaintiff,             )
                                )
    v.                          )  COMPLAINT
                                )
MYLES A. HOOVER; DOLORES A.     )
HOOVER; MYLES A. HOOVER and     )
DOLORES A. HOOVER d/b/a/ ARTIC  )
REFRIGERATION CO.; TRUSTEE FOR  )
MERRILL F. WHITLATCH & DOROTHY  )
E. WHITLATCH 1991 TRUST; TRUSTEE)
FOR THE CARSIN WHITLATCH &      )
BERNICE A. WHITLATCH TRUST;     )
JAMES WILSON; STATE OF CALIFORNIA)
BOARD OF EQUALIZATION; WESTERN  )
PACIFIC DISTRIBUTORS; STATE OF  )
CALIFORNIA FRANCHISE TAX BOARD; )
STATE OF CALIFORNIA EMPLOYMENT  )
DEVELOPMENT DEPARTMENT; SHILOH  )
GROUP, LLC; PALMER SYSTEMS, INC.;)
ALLIED REFRIGERATION, INC., and )
SONOMA COUNTY TREASURER,        )
                                )
         Defendants.            )
_____)

   Now comes the United States of America, by and through its undersigned counsel, and

complains and alleges as follows:

///

///

## I. JURISDICTION AND VENUE

1. This is a civil action brought by the United States to reduce to judgment outstanding federal tax assessments for federal income taxes, employment taxes, unemployment taxes and civil penalties and to foreclose federal tax liens on certain real property described in paragraph 17, below.

2. This action is commenced pursuant to Sections 7401 and 7403(a) of the Internal Revenue Code of 1986, at the direction of the Attorney General of the United States, with the authorization and sanction, and at the request of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury.

3. Jurisdiction over this action is conferred upon this Court by Title 28, United States Code, Sections 1340 and 1345, and under Section 7402 and 7403 of the Internal Revenue Code.

4. Venue is proper in the Northern District of California, where the tax returns were filed, where the taxpayers reside, and where the subject property is located.

## II. IDENTIFICATION OF DEFENDANTS

5. Defendant, Myles A. Hoover, resides at 1368 Calistoga Road, Santa Rosa, California.

6. Defendant, Dolores A. Hoover, resides at 1368 Calistoga Road, Santa Rosa, California.

7. Defendant, Trustee for the Merrill F. Whitlatch & Dorothy E. Whitlatch 1991 Trust, is made a party to this action pursuant to Title 26, United States Code, Section 7403(b), in that he or she may claim an interest in the subject real property on behalf of the trust.

8. Defendant, Trustee for the Carsin Whitlatch & Bernice A. Whitlatch Trust., is made a party to this action pursuant to Title 26, United States Code, Section 7403(b), in that he or she may claim an interest in the subject real property on behalf of the trust.

9. Defendant, James Wilson, is made a party to this action pursuant to Title 26, United States Code, Section 7403(b), in that he may claim an interest in the subject real property.

///

COMPLAINT                                                    2

10. Defendant, State of California Board of Equalization, is made a party to this action pursuant to Title 26, United States Code, Section 7403(b), in that it may claim an interest in the subject real property.

11. Defendant, Western Pacific Distributors, is made a party to this action pursuant to Title 26, United States Code, Section 7403(b), in that it may claim an interest in the subject real property.

12. Defendant, State of California Franchise Tax Board, is made a party to this action pursuant to Title 26, United States Code, Section 7403(b), in that it may claim an interest in the subject real property.

13. Defendant, State of California Employment Development Department, is made a party to this action pursuant to Title 26, United States Code, Section 7403(b), in that it may claim an interest in the subject real property.

14. Defendant, Shiloh Group LLC, is made a party to this action pursuant to Title 26, United States Code, Section 7403(b), in that it may claim an interest in the subject real property.

15. Defendant, Allied Refrigeration Inc., is made party hereto pursuant to 26 U.S.C. §7403(b) in that it may claim an interest in the subject real property.

16. Defendant, Sonoma County Treasurer, is made party hereto pursuant to 26 U.S.C. §7403(b) in that it may claim an interest in the subject real property.

### III. IDENTIFICATION OF PROPERTY SOUGHT TO BE FORECLOSED

17. The property which is the subject of this suit is real property located at 1368 Calistoga Road, Santa Rosa, California 95409, which is described as follows:

PARCEL ONE

A portion of Lot 8, as said lot is set forth and designated upon that certain Record of Survey known as Murrieta Oaks, filed in the office of the County Recorder of Sonoma County on May 10, 1955 in Book 72 of Maps, page 34, more particularly described as follows:

COMMENCING at the most easterly corner of said Lot 8; thence North 45° 40' West along the dividing line between Lots 7 and 8, a distance of 83.99 feet to the true point of beginning; thence South 45° 40' East, 83.99 feet to said most easterly corner, thence on an arc of a curve to the left with a radius of 100 feet along the southern line of said lot, 136.48 feet; thence South 11° 37' 30" East, 26.73 feet; thence on an arc of a curve to the right with a radius of 50 feet, 75.46

COMPLAINT                3

feet; thence South 74° 50' 50" West, 52.89 feet; thence on an arc of a curve to the right with a radius of 25 feet, 39.27 feet; thence North 15° 09' 10" West along Calistoga Road, 168.44 feet; thence easterly in a straight line to the true point of beginning.

### PARCEL TWO

An undivided 1/21st interest in those certain 50 foot private roads as shown upon said record of survey of Murrieta Oaks.

### PARCEL THREE

A right of way for road purposes over that certain 50 foot roadway extending easterly and southerly to Calistoga Road, as shown upon said record of survey.

### IV. REDUCE ASSESSMENTS TO JUDGMENT

18. The United States realleges the allegations in paragraphs 1 through 17 above, as if fully set forth herein.

19. A delegate of the Secretary of the Treasury made assessments against Defendants Myles A. Hoover and Dolores A. Hoover for unpaid federal income taxes for the tax periods and in the amounts set forth below:

| TAX YEAR | TYPE OF TAX LIABILITY | DATE OF ASSESSMENT | UNPAID BALANCE OF ASSESSMENT AS OF SEPTEMBER 30, 2007 | DATE NOTICE OF LIEN FILED IN SONOMA COUNTY | DATE NOTICE OF LIEN RE-FILED IN SONOMA COUNTY |
|---|---|---|---|---|---|
| 1995 | Form 1040 | 8/26/96 | $ 9,922.33 | 6/7/02 | 4/19/06 |
| 1996 | Form 1040 | 12/18/00 | $24,030.62 | 6/7/02 | 4/19/06 |
| 1997 | Form 1040 | 11-15-99 | $17,531.21 | 6/7/02 | 4/19/06 |
| 1998 | Form 1040 | 10/02/00 | $21,316.50 | 6/7/02 | 4/19/06 |
| 1999 | Form 1040 | 7/10/00 | $14,588.19 | 6/7/02 | 4/19/06 |
| 2000 | Form 1040 | 5/28/01 | $ 1,213.23 | 6/7/02 | 4/19/06 |
| 2003 | Form 1040 | 2/21/05 | $ 410.78 | 10/9/06 | - |

20. A delegate of the Secretary of the Treasury made assessments against Defendant Dolores A. Hoover for unpaid federal unemployment taxes with respect to Artic Refrigeration Co. for the tax periods and in the amounts set forth below:

| TAX PERIOD ENDING | TYPE OF TAX LIABILITY | DATE OF ASSESSMENT | UNPAID BALANCE OF ASSESSMENT AS OF SEPTEMBER 30, 2007 | DATE NOTICE OF LIEN FILED IN SONOMA COUNTY | DATE NOTICE OF LIEN RE-FILED IN SONOMA COUNTY |
|---|---|---|---|---|---|
| 12/31/94 | Form 940 | 3/3/95 | $ 1,011.62 | 6/12/96 | 2/4/05 |
| 12/31/96 | Form 940 | 4/23/01 | $ 684.77 | 12/2/03 | 4/19/06 |
| 12/31/01 | Form 940 | 4/01/02 | $ 279.55 | 12/2/03 | 4/19/06 |
| 12/31/03 | Form 940 | 12/28/05 | $ 101.66 | 4/4/06 | - |
| 12/31/04 | Form 940 | 2/21/05 | $ 997.96 | 4/4/06 | - |

21. A delegate of the Secretary of the Treasury made assessments against Defendants Myles A. Hoover and Dolores A. Hoover for unpaid federal unemployment taxes with respect to Artic Refrigeration Co. for the tax period and in the amounts set forth below:

| TAX PERIOD ENDING | TYPE OF TAX LIABILITY | DATE OF ASSESSMENT | UNPAID BALANCE OF ASSESSMENT AS OF SEPTEMBER 30, 2007 | DATE NOTICE OF LIEN FILED IN SONOMA COUNTY | DATE NOTICE OF LIEN RE-FILED IN SONOMA COUNTY |
|---|---|---|---|---|---|
| 12/31/97 | Form 940 | 4/6/98 | $ 616.57 | 4/19/00 | 4/19/06 |

22. A delegate of the Secretary of the Treasury made assessments against Defendants Myles A. Hoover and Dolores A. Hoover for unpaid federal employment taxes with respect to Artic Refrigeration Co. for the tax period and in the amounts set forth below:

| TAX PERIOD ENDING | TYPE OF TAX LIABILITY | DATE OF ASSESSMENT | UNPAID BALANCE OF ASSESSMENT AS OF SEPTEMBER 30, 2007 | DATE NOTICE OF LIEN FILED IN SONOMA COUNTY | DATE NOTICE OF LIEN RE-FILED IN SONOMA COUNTY |
|---|---|---|---|---|---|
| 6/30/95 | Form 941 | 8/12/96 | $26,755.79 | 4/19/00 | 4/19/06 |
| 9/30/95 | Form 941 | 8/19/96 | $27,507.61 | 4/19/00 | 4/19/06 |
| 12/31/95 | Form 941 | 8/12/96 | $24,880.05 | 4/19/00 | 4/19/06 |
| 3/31/97 | Form 941 | 6/23/97 | $ 884.56 | 4/19/00 | 4/19/06 |
| 9/30/98 | Form 941 | 12/21/98 | $ 6,703.79 | 4/19/00 | 4/19/06 |
| 12/31/98 | Form 941 | 4/26/98 | $ 6,858.83 | 4/19/00 | 4/19/06 |

COMPLAINT                                5

23. A delegate of the Secretary of the Treasury made assessments against Defendant Dolores A. Hoover for unpaid federal employment taxes with respect to Artic Refrigeration Co. for the tax period and in the amounts set forth below:

| TAX PERIOD ENDING | TYPE OF TAX LIABILITY | DATE OF ASSESSMENT | UNPAID BALANCE OF ASSESSMENT AS OF SEPTEMBER 30, 2007 | DATE NOTICE OF LIEN FILED IN SONOMA COUNTY | DATE NOTICE OF LIEN RE-FILED IN SONOMA COUNTY |
|---|---|---|---|---|---|
| 3/31/94 | Form 941 | 3/3/95 | $29,736.55 | 6/12/96 | 2/4/05 |
| 6/30/94 | Form 941 | 3/3/95 | $22,520.32 | 6/12/96 | 2/4/05 |
| 9/30/94 | Form 941 | 3/3/95 | $26,027.08 | 6/12/96 | 2/4/05 |
| 12/31/94 | Form 941 | 3/3/95 | $22,504.29 | 6/12/96 | 2/4/05 |
| 3/31/96 | Form 941 | 8/12/96 | $22,621.99 | 4/19/00 | 4/19/06 |
| 12/31/01 | Form 941 | 5/6/02 | $8,643.68 | 12/2/03 | 4/19/06 |
| 6/30/02 | Form 941 | 2/9/04 | $7,525.40 | 8/31/04 | - |
| 9/30/02 | Form 941 | 12/31/02 | $9,672.14 | 12/2/03 | 4/19/06 |
| 12/31/02 | Form 941 | 3/31/03 | $5,737.41 | 12/2/03 | 4/19/06 |
| 3/31/03 | Form 941 | 8/4/03 | $8,170.57 | 12/2/03 | 4/19/06 |
| 6/30/03 | Form 941 | 2/9/04 | $9,444.13 | 8/31/04 | - |
| 9/30/03 | Form 941 | 1/5/04 | $8,021.00 | 8/31/04 | - |
| 12/31/03 | Form 941 | 2/28/05 | $12,165.82 | 4/4/06 | - |
| 3/31/04 | Form 941 | 2/28/05 | $12,094.45 | 4/4/06 | - |
| 6/30/04 | Form 941 | 2/28/05 | $12,452.91 | 4/4/06 | - |

24. A delegate of the Secretary of the Treasury made an assessment against Defendants Myles A. Hoover and Dolores A. Hoover for a federal civil penalty related to un-filed and/or an incorrect W-2 form for the tax period and in the amount set forth below:

| TAX PERIOD ENDING | TYPE OF TAX LIABILITY | DATE OF ASSESSMENT | UNPAID BALANCE OF ASSESSMENT AS OF SEPTEMBER 30, 2007 | DATE NOTICE OF LIEN FILED IN SONOMA COUNTY | DATE NOTICE OF LIEN RE-FILED IN SONOMA COUNTY |
|---|---|---|---|---|---|
| 12/31/96 | Civil Pen. | 7/19/99 | $9,580.87 | 4/19/00 | 6/7/02 |

**COMPLAINT**        6

25. A delegate of the Secretary of the Treasury made assessments against Defendant Dolores A. Hoover for federal civil penalties related to un-filed and/or incorrect W-2 forms for the tax periods and in the amounts set forth below:

| TAX PERIOD ENDING | TYPE OF TAX LIABILITY | DATE OF ASSESSMENT | UNPAID BALANCE OF ASSESSMENT AS OF SEPTEMBER 30, 2007 | DATE NOTICE OF LIEN FILED IN SONOMA COUNTY | DATE NOTICE OF LIEN RE-FILED IN SONOMA COUNTY |
|---|---|---|---|---|---|
| 12/31/98 | Civil Pen. | 10/29/01 | $9,250.23 | 12/2/03 | 4/19/06 |
| 12/31/99 | Civil Pen. | 11/18/02 | $7,899.58 | 12/2/03 | 4/19/06 |
| 12/31/00 | Civil Pen. | 10/20/03 | $9,775.89 | 8/31/04 | - |
| 12/31/01 | Civil Pen. | 11/02/04 | $10,023.65 | 4/21/05 | - |

26. Despite timely notice and demand for payment of the taxes, penalties, and interest described in paragraphs 19 through 25 above, defendants Myles A. Hoover and Dolores A. Hoover have neglected, failed, or refused to pay the taxes, penalties and interest described in paragraphs 19 through 25, above, and there remains due and owing on said assessments, as of September 30, 2007, the sum of $193,800.93, plus accrued interest and penalties and other statutory additions as provided by law, minus any credits.

### V. FORECLOSE FEDERAL TAX LIENS

27. The United States realleges the allegations in paragraphs 1 through 26 above, as if fully set forth herein.

28. Pursuant to I.R.C. §§ 6321 and 6322, statutory liens arose in favor of the plaintiff, United States of America, upon all property and rights to property, whether real or personal, belonging to defendants Myles A. Hoover and Dolores A. Hoover, including the subject property described in paragraph 17 above, as of the dates of the assessments described in paragraphs 19 through 25, above.

29. A delegate of the Secretary of the Treasury properly filed Notices of Federal Tax Lien against Defendants Myles A. Hoover and Dolores A. Hoover for the tax period(s) and assessments described in paragraph 19 above.

30. A delegate of the Secretary of the Treasury properly filed Notices of Federal Tax Lien against Defendant Dolores A. Hoover for the tax period(s) and assessments described in paragraph 20 above.

31. A delegate of the Secretary of the Treasury properly filed Notices of Federal Tax Lien against Defendants Myles A. Hoover and Dolores A. Hoover for the tax period(s) and assessments described in paragraph 21 above.

32. A delegate of the Secretary of the Treasury properly filed Notices of Federal Tax Lien against Defendants Myles A. Hoover and Dolores A. Hoover for the tax period(s) and assessments described in paragraph 22 above.

33. A delegate of the Secretary of the Treasury properly filed Notices of Federal Tax Lien against Defendant Dolores A. Hoover for the tax period(s) and assessments described in paragraph 23 above.

34. A delegate of the Secretary of the Treasury properly filed Notices of Federal Tax Lien against Defendants Myles A. Hoover and Dolores A. Hoover for the tax period(s) and assessments described in paragraph 24 above.

35. A delegate of the Secretary of the Treasury properly filed Notices of Federal Tax Lien against Defendant Dolores A. Hoover for the tax period(s) and assessments described in paragraph 25 above.

36. The subject property described in paragraph 17 above was at all pertinent time herein property belonging to the Defendants Myles A. Hoover and Dolores A. Hoover, and only to them, for purposes of the tax lien provisions of the Internal Revenue Code. Accordingly, the statutory federal tax liens attached to the subject property when those liens arose, and the tax liens have continued to attach to the subject property without interruption.

**WHEREFORE**, the plaintiff, United States of America, prays for the following relief:

A. That this Court determine and adjudge that Myles A. Hoover and Dolores A. Hoover are indebted to the United States in the sum of $193,800.93, as of September 30, 2007, plus interest and other statutory additions as provided by law that have accrued since September 30, 2007 until the date of judgment, and for interest thereafter until said judgment is fully paid.

1  B. That this Court determine and adjudge that the United States has valid federal tax liens against all property and rights to property belonging to Myles A. Hoover and Dolores A. Hoover, including their interest in the subject real property described in paragraph 17, above;

C. That this Court determine and order that the federal tax liens encumbering the subject real property be foreclosed and that this Court order the sale of the subject property;

D. That this Court determine the validity and priority of the liens, claims and interest of all parties in and to the subject real property and order that the proceeds from any judicial sale of such property be distributed accordingly; and

E. That the United States be granted its costs incurred in bringing this action, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

SCOTT SCHOOLS
United States Attorney

CYNTHIA STIER
Assistant United States Attorney
Tax Division

**COMPLAINT**                                                    9