1 | STEVEN M. WOODSIDE #58684
County Counsel
2 | JENNIFER C. KLEIN #222682
Deputy County Counsel
3 | County of Sonoma
575 Administration Drive, Room 105
4 | Santa Rosa, California 95403-2815
Telephone: (707) 565-2421
5 | Fax: (707) 565-2624

6 | Attorneys for Defendant
  SONOMA COUNTY TREASURER
7

8 | IN THE UNITED STATES DISTRICT COURT FOR THE

9 | NORTHERN DISTRICT OF CALIFORNIA

10 | SAN FRANCISCO DIVISION

11

12 | UNITED STATES OF AMERICA,                No.   CV 07 5759

13 |     Plaintiff,                          ANSWER TO COMPLAINT

14 | v.

15 | MYLES A. HOOVER; DOLORES A.
HOOVER; MYLES A. HOOVER and
16 | DOLORES A. HOOVER d/b/a/ ARCTIC
REFRIGERATION CO.; TRUSTEE FOR
17 | MERRILL F. WHITLATCH &
DOROTHY E. WHITLATCH 1991
18 | TRUST; TRUSTEE FOR THE CARSIN
WHITLATCH & BERNICE A.
19 | WHITLATCH TRUST; JAMES WILSON;
STATE OF CALIFORNIA BOARD OF
20 | EQUALIZATION; WESTERN PACIFIC
DISTRIBUTORS; STATE OF
21 | CALIFORNIA FRANCHISE TAX
BOARD; STATE OF CALIFORNIA
22 | EMPLOYMENT DEVELOPMENT
DEPARTMENT; SHILOH GROUP, LLC;
23 | PALMER SYSTEMS, INC.; ALLIED
REFRIGERATION, INC., and SONOMA
24 | COUNTY TREASURER,

25 |     Defendants.
                                          /
26

27 |       Defendant SONOMA COUNTY TREASURER, also known as the SONOMA

28 | COUNTY TREASURER-TAX COLLECTOR, for its separate Answer to Plaintiff's

Complaint filed herein admits, denies, and alleges as follows:

1

**JURISDICTION AND VENUE**

1. For answer to paragraph 1 of the Complaint, Defendant admits the allegations of said paragraph.

2. Paragraph 2 of the Complaint is a conclusion of law and requires no response.

3. Paragraph 3 of the Complaint is a conclusion of law and requires no response.

4. For answer to paragraph 4 of the Complaint, Defendants admits the allegations of said paragraph except that Defendant is without information or believe as to where tax returns were filed or where tax payers reside.

**IDENTIFICATION OF DEFENDANTS**

5. For answer to paragraph 5 of the Complaint, Defendant is without information sufficient to form a belief as to the truth of the allegations of said paragraph.

6. For answer to paragraph 6 of the Complaint, Defendant is without information sufficient to form a belief as to the truth of the allegations of said paragraph.

7. For answer to paragraph 7 of the Complaint, Defendant is without information sufficient to form a belief as to the truth of the allegations of said paragraph.

8. For answer to paragraph 8 of the Complaint, Defendant is without information sufficient to form a belief as to the truth of the allegations of said paragraph.

9. For answer to paragraph 9 of the Complaint, Defendant is without information sufficient to form a belief as to the truth of the allegations of said paragraph.

10. For answer to paragraph 10 of the Complaint, Defendant is without information sufficient to form a belief as to the truth of the allegations of said paragraph.

11. For answer to paragraph 11 of the Complaint, Defendant is without information sufficient to form a belief as to the truth of the allegations of said paragraph.

12. For answer to paragraph 12 of the Complaint, Defendant is without information sufficient to form a belief as to the truth of the allegations of said paragraph.

13. For answer to paragraph 13 of the Complaint, Defendant is without information sufficient to form a belief as to the truth of the allegations of said paragraph.

14. For answer to paragraph 14 of the Complaint, Defendant is without information sufficient to form a belief as to the truth of the allegations of said paragraph.

15. For answer to paragraph 15 of the Complaint, Defendant is without information sufficient to form a belief as to the truth of the allegations of said paragraph.

16. For answer to paragraph 16 of the Complaint, Defendant admits the allegations of said paragraph and states that the Treasurer-Tax Collector, on behalf of the County of Sonoma, claims the following interests in the subject real property. First, Defendant alleges that certain secured tax liens are held by the County of Sonoma against the subject real property referenced in Plaintiff's Complaint. Taxes and assessments have been properly levied against the property, but such taxes and assessments have not been paid since December 10, 2002. Secured taxes, penalties, and interest due on the property as of January 31, 2008 total $38,010.76, and penalties and interest continue to accrue. In addition, taxes due for the current tax year are $5,354.85, with $2,804.92 delinquent as of December 11, 2007, and the remaining $2,549.93 delinquent after April 10, 2008. Copies of the Treasurer-Tax Collector's records reflecting the assessed taxes and delinquent amounts are attached hereto as Exhibit A. Under California law, such taxes, including related penalties and interest, are automatic liens against the property assessed. Cal. Rev. & Tax Code § 2187. Further under California law, the lien for secured property taxes has priority over every other lien on the property, regardless of the time of creation of the other liens. Cal. Rev. & Tax Code § 2192.1. Copies of cited statutes are attached hereto as Exhibit B.

**IDENTIFICATION OF PROPERTY SOUGHT TO BE FORECLOSED**

17. For answer to paragraph 17 of the Complaint, Defendant admits the allegations of said paragraph.

**REDUCE ASSESSMENTS TO JUDGMENT**

18. For answer to paragraph 18 of the Complaint, Defendant admits the allegations of said paragraph and incorporates by reference its responses above to paragraphs 1 through 17 of the Complaint.

19. For answer to paragraph 19 of the Complaint, Defendant is without information sufficient to form a belief as to the truth of the allegations of said paragraph.

20. For answer to paragraph 20 of the Complaint, Defendant is without information sufficient to form a belief as to the truth of the allegations of said paragraph.

21. For answer to paragraph 21 of the Complaint, Defendant is without information sufficient to form a belief as to the truth of the allegations of said paragraph.

22. For answer to paragraph 22 of the Complaint, Defendant is without information sufficient to form a belief as to the truth of the allegations of said paragraph.

23. For answer to paragraph 23 of the Complaint, Defendant is without information sufficient to form a belief as to the truth of the allegations of said paragraph.

24. For answer to paragraph 24 of the Complaint, Defendant is without information sufficient to form a belief as to the truth of the allegations of said paragraph.

25. For answer to paragraph 25 of the Complaint, Defendant is without information sufficient to form a belief as to the truth of the allegations of said paragraph.

26. For answer to paragraph 26 of the Complaint, Defendant is without information sufficient to form a belief as to the truth of the allegations of said paragraph.

## **FORECLOSURE FEDERAL TAX LIENS**

27. For answer to paragraph 27 of the Complaint, Defendant admits the allegations of said paragraph and incorporates by reference its responses above to paragraphs 1 through 26 of the Complaint.

28. For answer to paragraph 28 of the Complaint, Defendant is without information sufficient to form a belief as to the truth of the allegations of said paragraph.

29. For answer to paragraph 29 of the Complaint, Defendant is without information sufficient to form a belief as to the truth of the allegations of said paragraph.

30. For answer to paragraph 30 of the Complaint, Defendant is without information sufficient to form a belief as to the truth of the allegations of said paragraph.

31. For answer to paragraph 31 of the Complaint, Defendant is without information sufficient to form a belief as to the truth of the allegations of said paragraph.

32. For answer to paragraph 32 of the Complaint, Defendant is without information sufficient to form a belief as to the truth of the allegations of said paragraph.

33. For answer to paragraph 33 of the Complaint, Defendant is without information sufficient to form a belief as to the truth of the allegations of said paragraph.

34. For answer to paragraph 34 of the Complaint, Defendant is without information sufficient to form a belief as to the truth of the allegations of said paragraph.

35. For answer to paragraph 35 of the Complaint, Defendant is without information sufficient to form a belief as to the truth of the allegations of said paragraph.

36. For answer to paragraph 36 of the Complaint, Defendant is without information sufficient to form a belief as to the truth of the allegations of said paragraph.

## AFFIRMATIVE DEFENSES

As separate and independent affirmative defenses to the Complaint on file herein, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

(Secured County Tax Liens on Real Property)

1. As a first, separate, and distinct affirmative defense, Defendant alleges that certain secured tax liens are held by the County of Sonoma against the subject real property referenced in Plaintiff's Complaint. Taxes and assessments have been properly levied against the property, but such taxes and assessments have not been paid since December 10, 2002. Secured taxes, penalties, and interest due on the property as of January 31, 2008, total $38,010.76, and penalties and interest continue to accrue. In addition, taxes due for the current year are $5,354.85, with $2,804.92 delinquent as of December 11, 2007, and the remaining $2,549.93 delinquent after April 10, 2008. Under California law, such taxes, including related penalties and interest, are automatic liens against the property assessed. Cal. Rev. & Tax Code § 2187. Further, under California law, the lien for secured property taxes has priority over every other lien on the property, regardless of the time of creation of the other liens. Cal. Rev. & Tax Code § 2192.1. Copies of the Sonoma County Treasurer-Tax Collector's records reflecting the assessed taxes and delinquent amounts are attached hereto as Exhibit A. Copies of cited statutes are attached hereto as Exhibit B.

## SECOND AFFIRMATIVE DEFENSE

(Unstated Affirmative Defenses)

2. As a second, separate, and distinct affirmative defense, Defendant alleges that it presently has insufficient knowledge or information on which to for a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant reserves the right to assert additional defenses in the even that discovery indicates that it would be appropriate.

WHEREFORE, Defendant prays for judgment as follows:

1. That this Court determine and adjudge that the Sonoma County Treasurer-Tax Collector has valid liens against all property and rights to property belonging to Myles A. Hoover and Dolores A. Hoover.

2. That this Court determine the validity and priority of all liens on and other interests in the subject real property and order that the proceeds from any judicial sale of such property be distributed accordingly; and

3. That the Sonoma County Treasurer-Tax Collector be awarded its costs of suit incurred herein, and for such other and further relief as the Court may deem just and proper.

Dated: January 10, 2008                         STEVEN M. WOODSIDE, County Counsel

By:_____/S/_____
JENNIFER C. KLEIN
Deputy County Counsel