MacCONAGHY & BARNIER, PLC
JOHN H. MacCONAGHY, State Bar No. 83684
JEAN BARNIER, State Bar No. 231683
645 First St. West, Suite D
Sonoma, California 95476
Telephone: (707) 935-3205
Facsimile: (707) 935-7051
Email: jbarnier@macbarlaw.com

Attorneys for Trustee
ANDREA A. WIRUM

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

MYLES A. HOOVER,

        Debtor.

Case No. 07-11588
(Chapter 7)

**MOTION TO SELL REAL PROPERTY FREE AND CLEAR OF LIENS AND INTERESTS AND SUBJECT TO OVERBID**

Date: 03/14/2008
Time: 9:00 a.m.
Santa Rosa Courtroom–Jaroslovsky

TO:   California State Franchise Tax Board; United States of America Internal Revenue Service; James Wilson; California State Board of Equalization; Western Pacific Distributors, Inc.; Palmer Systems Inc.; Allied Refrigeration, Inc.; California State Department of Employment; and all other Creditors and other Parties in Interest:

The motion of Andrea A. Wirum, Trustee in Bankruptcy, respectfully represents:

1.   On December 4, 2007, the Debtor Myles A. Hoover filed his voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the above-entitled Court. Thereafter, Movant Andrea A. Wirum was duly appointed as Chapter 7 Trustee.

2.   Among the assets of the estate is a parcel of residential real property commonly known as 1368 Calistoga Road, Santa Rosa, California.

3.    On or about February 8, 2008, the Trustee entered into an agreement to sell the Calistoga Road property to Damion and Brandi Asker for the sum of $435,000.00 with a credit of $6,200.00 for deferred maintenance. As of the date of the Motion, the agreement has no contingencies or conditions other than Bankruptcy Court approval.

4.    Good cause exists to authorize the Trustee to consummate this sale. The property has been exposed to the market by a competent broker and will generate a significant return for the estate.

5.    The Trustee believes that it is appropriate to offer the subject property for sale subject to overbid. The Trustee requires that any prospective overbidder (1) submit an initial overbid in the minimum amount of $445,000.00, with a credit of $6,200.00; (2) agrees to be bound by the same terms and condition as the existing buyer, and (3) accompany any initial overbid with a cashier's check or money order payable to the Trustee in the amount of $10,000 to be delivered to the Trustee's real estate broker prior to the hearing on this Motion. This deposit shall be nonrefundable in the event that the purchaser in question is the successful bidder and fails to close the sale within ten days after entry of a Bankruptcy Court order authorizing the transaction. Any qualified bidder may thereafter submit further bids in an open auction process of $1,000 increments. The specific terms of overbidding are set forth in detail in an the accompanying notice.

6.    The property is subject to certain liens and encumbrances. The Trustee proposed that the following liens, encumbrances, and other interests be paid in full at the close of escrow:

(a)    Any unpaid secured real property taxes now due and payable in the approximate amount of $45,000.00;

(b)    A deed of trust to Merrill F. Whitlatch and Dorothy E. Whitlatch, recorded on March 30, 1987, and thereafter assigned to Marilyn Ming, Mary Lee Jones and Patricia Hade, as assignees, in the approximate amount of $50,000.00;

1    (c)    A deed of trust to Carsin Whitlatch and Bernice A. Whitlatch, recorded on May 28, 1992 in the approximate amount of $30,000.00;

7. The Trustee further proposes to pay from the proceeds of sale all normal and customary seller's closing costs, and a real estate brokerage commission in the amount of six percent (6%) of the gross selling price, to be split between the Trustee's real estate broker, Coldwell Banker Bartels, Realtors, and the buyer's real estate broker.

8. The property is also subject to the following purported liens and encumbrances which are subject to "avoidance" as the term is used in Bankruptcy Code § 724, and/or are subject to "bona fide dispute" as the term is used in Bankruptcy Code § 363 (f)

(a)    A federal tax lien in favor of the United States of America, recorded June 12, 1996 in the amount of $37,237.96;

(b)    A judgment in favor of James Wilson recorded April 14, 1999 in the amount of $7351.00;

(c)    A state sales tax lien in favor of the State of California, State Board of Equalization, recorded June 21, 1999 in the amount of $2,326.95;

(d)    A state sales tax lien in favor of the State of California, State Board of Equalization, recorded June 21, 1999 in the amount of $10,647.26;

(e)    A state sales tax lien in favor of the State of California, State Board of Equalization, recorded June 21, 1999 in the amount of $14,680.73;

(f)    A state sales tax lien in favor of the State of California, State Board of Equalization, recorded June 21, 1999 in the amount of $20,410.80;

(g)    A state sales tax lien in favor of the State of California, State Board of Equalization, recorded January 4, 2000 in the amount of $12,186.44;

(h)    A federal tax lien in favor of the United States of America, recorded April 19, 2000 in the amount of $60,161.40, modified June 7, 2002;

///

| | | |
|---|---|---|
| 1 | (i) | A federal tax lien in favor of the United States of America, recorded June |
| 2 | | 7, 2002, in the amount of $55,085.75; |
| 3 | (j) | A state income tax lien in favor of the State of California, Franchise Tax |
| 4 | | Board, recorded July 3, 2002 in the amount of $1,035.04; |
| 5 | (k) | A federal tax lien in favor of the United States of America, recorded |
| 6 | | February 3, 2003, in the amount of $55,103,75; |
| 7 | (l) | A judgment in favor of Western Pacific Distributors, Inc. recorded on |
| 8 | | September 4, 2003 in the amount of $11,704.75; |
| 9 | (m) | A federal tax lien in favor of the United States of America, recorded |
| 10 | | December 2, 2003, in the amount of $33,998.62; |
| 11 | (n) | A state income tax lien in favor of the State of California, Franchise Tax |
| 12 | | Board, recorded March 2, 2004, in the amount of $6,992.83; |
| 13 | (o) | A federal tax lien in favor of the United States of America, recorded |
| 14 | | August 31, 2004, in the amount of $25,289.36; |
| 15 | (p) | A state sales tax lien in favor of the State of California, State Board of |
| 16 | | Equalization, recorded November 12, 2004 in the amount of $8,606.94; |
| 17 | (q) | A state income tax lien in favor of the State of California, Franchise Tax |
| 18 | | Board, recorded November 23, 2004, in the amount of $5,867.90; |
| 19 | (r) | A judgment in favor of Palmer Systems, Inc. recorded March 16, 2005, in |
| 20 | | the amount of $2,547.50; |
| 21 | (s) | A federal tax lien in favor of the United States of America, recorded April |
| 22 | | 21, 2005, in the amount of $8,175.40; |
| 23 | (t) | A federal tax lien in favor of the United States of America, recorded April |
| 24 | | 21, 2005, in the amount of $1,645.47; |
| 25 | (u) | A state income tax lien in favor of the State of California, Franchise Tax |
| 26 | | Board, recorded October 3, 2005, in the amount of $6,360.58; |

1      (v)    A state sales tax lien in favor of the State of California, State Board of

2            Equalization, recorded December 20, 2005 in the amount of $7,026.02;

3      (w)   A judgment in favor of Allied Refrigeration, Inc., recorded December 28,

4            2005, in the amount of $3,067.21;

5      (x)    A federal tax lien in favor of the United States of America, recorded April

6            4, 2006, in the amount of $27,550.70;

7      (y)    A lien in favor of the State of California, Department of Employment,

8            recorded July 5, 2006 in the amount of $1,633.35;

9      (z)    A federal tax lien in favor of the United States of America, recorded

10          October 9, 2006, in the amount of $299.17;

11     (aa)   A federal tax lien in favor of the United States of America, recorded April

12          9, 2007, in the amount of $37,265.96;

13     (bb)   A state income tax lien in favor of the State of California, Franchise Tax

14          Board, recorded May 21, 2007, in the amount of $5,717.32.

15    9.    Items (b), (l), (r) and (w) are disputed because they are junior in priority to certain tax liens pursuant to Bankruptcy Code § 724 (b)(4).

17    10.   As adequate protection for the holder of liens set forth in Paragraph 8 above, the Trustee proposes that after payment of all of the senior items set forth in Paragraph 6 above, all remaining funds be held in a blocked account, with the above noted liens to attach to the proceeds and said funds not be disbursed absent further Order of Court.

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

1 | WHEREFORE, the Trustee prays that the Court enter its Order Authorizing the Sale of
2 | Property Free and Clear of Liens, as set forth above, and for such other and further relief as the
3 | Court deems proper.

4

5 | Dated: February 12, 2008                    MacCONAGHY & BARNIER, PLC

6

7 |                                              /s/   Jean Barnier
                                               Jean Barnier
8 |                                              *Attorneys for Trustee*